### PETER FISHER, Adm'r, v. WILLIAM BATTAILE.

1. SCIRE FACIAS ON JUDGMENT NISI: HOW SERVED.—The verdict of a jury in an action at law, certifying a balance due by the plaintiff to the defendant, is a debt of record, and equivalent to a conditional judgment; and a *sci. fa.* issued to obtain execution thereon, may be served on the attorneys of the plaintiff who conducted and managed the case in his behalf, although they are not his attorneys of record. (See Hutch. Dig. 841, § 43.)
2. APPEARANCE.—A motion made by an attorney to quash the return on a *scire facias*, issued against the defendant, is equivalent to an appearance by him.

IN error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

Peter Fisher, the plaintiff in error, as administrator of one George Fisher, sued Battaile, the defendant in error, in assumpsit for $20,000. Battaile pleaded payment and set-off; and on the trial the jury found a verdict in his favor, certifying that the plaintiff was indebted to him in the sum of $2298 25. Battaile

afterwards sued out a *scire facias* against Fisher, to obtain execution on this verdict, which the sheriff returned, executed on N. G. and S. E. Nye, the attorneys at law and in fact of said Peter Fisher. At the return term of this *scire facias,* the Messrs. Nye appeared, and moved the court to quash the return on the writ, upon the ground that there was no authority in law for a service of it on the attorneys of Fisher, and because they were not the attorneys of record in the case on which the verdict had been rendered.

It appeared that the Messrs. Nye, on the trial of the case, were the sole counsel managing it for Fisher; that they were the recognized attorneys at law and in fact, in this State, of said Fisher, and that he was a non-resident.

The court overruled the motion to quash the return, and Fisher declining to plead to the *scire facias,* the court entered judgment final on the verdict against him, and awarded execution.

From this judgment Fisher sued out this writ of error.

*N. G.* and *S. E. Nye,* for plaintiff in error.

*R. S. Holt,* for defendant in error,
Cited Hutch. Code, 841, § 43; Ib. 875, § 63.

*Freeman* and *Dixon,* on same side,
Cited Story on Agency, § 140.

PER CURIAM.—The verdict of the jury on which the *scire facias* in this case was issued, was in effect a conditional judgment. The statute makes it a debt of record on which a *scire facias* was authorized to be issued, in order to obtain execution. Hutch. Code, 875, § 63. It has therefore every essential requisite of a judgment *nisi,* and must be regarded as such a judgment.

It was, therefore, proper to serve the *scire facias* upon the persons who were shown to be the attorneys charged with the management of the case in behalf of the defendant in the writ, on the original trial. Hutch. Code, 841, § 43.

But apart from this, it appears that a motion was made by these

attorneys, in behalf of the defendant, to quash the return upon the writ.   This amounts to an appearance by the defendant, which cures an insufficient service of the writ; for it is not to be presumed that the attorneys appeared and represented him in the suit, without due authority.

Judgment affirmed.